## INVALID SERVICE BY PINNING SUMMONS ON BACK DOOR OF RESIDENCE.

Common Pleas Court of Cuyahoga County.

FRANK KLETCHKO v. C. H. SHUPP & SON AND WILLIAM BROWN, JUSTICE OF THE PEACE.

Decided, November 17, 1913.

*Service of Summons—What is Meant by Leaving Copy at Usual Place of Residence—Section 10237.*

Service of summons to be in conformity with the Ohio statute must be made under such circumstances and be of such a character that it may fairly be presumed the defendant received it. This requires, where the service is not personal, that a copy of the summons with all the endorsements thereon be either pushed under the front door of the defendant's residence, or dropped into an aperture in the front door for the reception of mail, so that it may be said the summons was left within the dwelling; or if it be delivered to some member of the defendant's family, the one receiving it must be of such age and discretion and must bear such relation to the defendant that it may fairly be presumed he received it, and delivery so made to a member of the family must be at a door of the defendant's residence or on a porch thereof.

*Spear, Mills, Knight & Godfrey*, for plaintiff.
*Christopher & Robblee*, contra.

FORAN, J.

This is an action by the plaintiff to enjoin the defendants from enforcing and collecting a judgment rendered against him by the defendant Brown, as justice of the peace, and in favor of the other defendants, for the reason, as plaintiff avers, that he was never served with summons, and that for that reason the court was without jurisdiction in the premises, and the judgment is therefore void and of no effect.

The return of the constable is in due form, and shows that the summons was left at the plaintiff's usual place of residence on or about March 13, 1913. The plaintiff positively swears that he never received or saw the summons, and had no knowledge that the action was pending against him on the day the judgment was rendered. The plaintiff's mother, apparently the

only other person in plaintiff's residence on the day the summons purports to have been served, also testified that she never saw the summons or the constable who claims to have served it, nor did she hear him ringing the bell or otherwise giving any intimation that he desired admittance to the residence of plaintiff on that day.

The testimony of these witnesses is clear and positive, and stands uncontradicted except by the return and the testimony of the officer or constable who testifies that on the day of the return he went to the plaintiff's residence, repeatedly rang the front door bell, and, failing to obtain entrance there, proceeded to the back door, where he was also unsuccessful, and thereupon he pinned a copy of the summons on the back door of the residence, using two pins in so doing.

Ignoring the testimony of plaintiff and his mother, can it be said, upon the evidence of the constable, that there was such service upon the plaintiff as the law contemplates?

The statute relating to the commencing of actions and service in justice courts, Section 10237, General Code, provides that the defendant may be served with process in an action begun or against him by delivering to him personally a copy of the summons, together with all the endorsements thereon, or by leaving such copy at his usual place of residence at least three days before the time of appearance.

It will be admitted as elementary, that service or service of summons means the judicial delivery of a summons or a copy thereof to the opposite party, so as to charge him with notice of the receipt of it and subject him to its legal effect.

Section 10235, General Code, provides, among other things, that the summons must describe the plaintiff's cause of action in such general terms as to apprise all defendants of the nature of the claim against them.

A defendant of course can not be apprised of the nature of the claim against him unless he in fact receives a copy of the summons or has notice that the action has been begun or is pending against him. The delivery need not be personal; it may be constructive; but when it is constructive, it must be of such character as to charge the defendant with notice of the action

and subject him to the consequences or legal effect of such notice. The statutory requirements relating to such notice must be strictly construed. *Britt* v. *Hagerty,* 11 O. C. C., 115. See also 30 O. S., 344, and 41 O. S., 285.

As indicating this strict construction, it has been held that a return showing service at the defendant's place of business is not sufficient. 25 O. S., 336.

The return must show it was at defendant's residence, and not his house. 15 O. S., 288.

To obtain service on a man, no advantage must be taken; and if he is decoyed or induced to come into the jurisdiction of a court in a county other than his own, for the purpose of obtaining service upon him, the service will be set aside. Authorities need not be cited in support of this proposition. When a man is sued, it is fundamental that he should be heard and have opportunity to present his defense, if he has any. This is not only a statutory but a constitutional right.

What is meant by the phrase; "At his usual place of residence"? This depends largely upon the construction of the word "at" as used in this phrase. This word is "a preposition of extremely various use, primarily meaning to, without implication, in itself, of motion. It expresses position attained by motion to, and hence contact, contiguity. * * * Being less restricted as to relative position than other prepositions, it may in different construction assume their office, and so become equivalent, according to the context, to in, or, nor, about, under, over, through, from, to, toward," etc. Century Dictionary.

Familiar examples of the use of this word will suggest themselves. At the center may mean in the center. At the top may mean on the top and usually does. At Cleveland means in Cleveland. At the corners, when it indicates a place, may mean in or about the corners or near the corners. At the bend of the river means near or about the bend of the river. To go in at the front door means to go in through the front door. At the court room means a room in the court house. To determine the sense in which this word is used in any case, the subject-matter with reference to which it is used must be taken into consideration. We determine its meaning from the context or from the

words or sentences preceding or following it. See *Rogers* v. *Galloway*, 64 Ark., 627. When it precedes the name of a place and denotes situation, it frequently means the same as in or within. If we take into consideration the subject-matter with reference to which it is used, as giving notice to a man that he has been sued, it ought to mean in the residence in the phrase "at his usual place of residence." In ordinary speech, at more generally means within than without. At a town, city or county means at some place within the town, city or county, rather than a place at the verge of or in but not within the town, city or county (*Chesapeake & Ohio Canal Co.* v. *Key*, 5 Fed. Cas., 563). At the court house means within the court house. *Harris* v. *State*, 72 Miss., 960.

Where a statute provides that the declaration be served by delivering a copy thereof to the defendant, or by leaving the same with a white person of the family of the age of ten years or upwards, at the dwelling-house of the defendant, if he is absent, it may be delivered to one who is at or near the dwelling, but it must be delivered at the steps or on the portico or some appurtenance immediately connected with the dwelling or family mansion (*Kibbe* v. *Benson*, 84 U. S., 624). While this statute permitted service or provided for service by the delivery of the paper to some white person of the family of ten years of age or upwards, yet because of the words "at the dwelling-house," it was held that service must be made at the steps, portico, or some place that really was a part of the mansion or house. Service some feet away, even though the paper was delivered to the person named in the statute, was held not to be sufficient. In other words, the statute was strictly construed.

We are of the opinion that, under the Ohio statute, the service must be made under such circumstances and be of such a character that it may fairly be presumed the defendant received it; and any service that does not meet this requirement will be, and ought to be, held void and insufficient.

A man not temporarily absent from home will be presumed to be either at his residence or go there some time during the day or evening. It will be further presumed that when returning to his residence he will enter through the front door. He may

enter through the rear or side door, but ordinarily he will enter through the front door; and it will not be presumed that he will usually or ordinarily enter through the back or rear door. Hence it must be held that pinning a summons on a back or rear door of a residence does not constitute service upon the owner of the residence, within the meaning of the statute. To hold otherwise would lead to abuse, injustice and injury, if not actual fraud. The ease with which the paper could be removed by an interested party, the curiosity of the ubiquitous and mischievous small boy, or even of the delivery man, the liability of winds and storms to detach and blow it away, destroys the legal presumption that the defendant received it. To constitute service under this statute, where the service is not personal, a copy of the summons with all of the endorsements thereon, must either be placed or shoved under the front door, or dropped into an aperture in the front door for the reception of mail; so that it can be said it was within or in the dwelling; or secondly, it must be delivered to some member of defendant's family of such age and discretion and bearing such relation to the defendant that it may fairly be presumed the defendant received it. And such delivery must be made or take place at the doors of the residence or on the porch or a porch thereof. Delivering it to a member of the defendant's family some distance away from the dwelling or residence would not be sufficient. Placing such copy in an unlocked mail box belonging to the residence but some distance therefrom, or even attached to some portion of the residence, would not be sufficient. If the copy is delivered to a member of the defendant's family, having such relation with the defendant and being of discretionary age as to raise a presumption that the defendant received it, or if it be delivered to a servant who comes to the door in response to the officer's ring or knock, or if it is placed under the front door so as to be within the residence, a legal presumption arises that the defendant received it, and this presumption can only be overcome by clear and convincing evidence.

We have been unable to find any Ohio authority bearing directly upon the question or point raised.

The prayer of the petition is granted, and the temporary restraining order is made perpetual.